OPINION
{¶ 1} Defendant-appellant, Daniel A. Mollenkamp, appeals from the judgments of the Franklin County Court of Common Pleas revoking his community control sanction and sentencing him to a prison term. For the reasons that follow, we affirm the judgments but remand this case for a new sentencing hearing consistent with the applicable sentencing statutes.
 {¶ 2} By indictment filed May 17, 2000, appellant was charged in case No. 00CR-05-2962 with one count of forgery in violation of R.C.2913.31 ("Case 2962"). Later, in a second indictment filed June 22, 2000, appellant was charged in case No. 00CR-06-3790 with fourteen counts of forgery in violation of R.C. 2913.31, and seven counts of theft in violation of R.C. 2913.02 ("Case 3790"). Finally, in a third indictment filed August 11, 2000, appellant was charged in case No. 00CR-07-4814 with one count of the misuse of a credit card in violation of R.C. 2913.21, one count of forgery in violation of R.C. 2913.31, and one count of theft in violation of R.C. 2913.02 ("Case 4814").
 {¶ 3} On October 31, 2000, appellant entered guilty pleas in all three cases. In Case 2962, appellant pled guilty to one count of forgery, a felony of the fifth degree. In Case 3790, appellant pled guilty to fourteen counts of forgery, all felonies of the fifth degree. Finally, in Case 4814, appellant pled guilty to misuse of a credit card and theft charges, both felonies of the fifth degree. All other charges in the three cases were dismissed. As a result of these guilty pleas, the trial court placed appellant on community control for a period of five years. Among the conditions placed on appellant as part of his community control was a requirement that he participate in random drug tests. Additionally, appellant was informed that, if he violated any condition of his community control, he could receive a prison term of up to 12 months for each of the counts to which he pled guilty and that the prison terms, if imposed, would be served consecutively to each case.
 {¶ 4} Subsequently, appellant violated the conditions of his community control. On November 5, 13, and 26, and December 3, 2001, appellant's drug tests came back with positive results indicating the use of cocaine. Accordingly, on January 29, 2002, appellant was before the court again to be sentenced after the revocation of his community control. The trial court sentenced appellant to a term of 11 months in prison for all counts, to be served concurrently within each case. However, each case's 11-month prison term was ordered to be served consecutively with the other cases, for a total imposed prison term of 33 months.
 {¶ 5} Appellant appeals, assigning the following error:
 {¶ 6} "The trial court erred when it revoked the defendant's community control sanctions and by imposing consecutive terms without making the proper findings."
 {¶ 7} Appellant first contends that the trial court erred in revoking his community control and sentencing him to prison. R.C.2929.13(E)(2) governs the imposition of a prison term upon the revocation of a community control sanction. The statute provides, in relevant part:
 {¶ 8} "If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 {¶ 9} "(a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 {¶ 10} "(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.13(E)(2).
 {¶ 11} In turn, R.C. 2929.11(A) identifies the policy objectives in felony sentencing. "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C.2929.11(A).
 {¶ 12} Because all of the charges appellant pled guilty to were felonies, and because appellant's community control was revoked solely due to his positive drug tests, the trial court was required to determine on the record that either R.C. 2929.13(E)(2)(a) or (b) applied in order to impose a prison term. The trial court made such a determination, noting that, after "[w]eighing the seriousness and recidivism factors, a prison term is consistent with the purposes and principles of 2929.11." This finding complied with the requirements of R.C. 2929.13(E)(2) for imposing a prison term after a violation of the conditions of a community control sanction. State v. Beverly (Jan. 11, 2002), Ross App. No. 01CA2603.
 {¶ 13} Appellant contends, however, that the trial court erred by failing to use the correct factors in determining whether a prison term was consistent with the purposes and principals of sentencing set forth in R.C. 2929.11. We disagree. When imposing a prison term in accordance with R.C. 2929.11, the trial court must consider the factors set forth in R.C. 2929.12 that indicate whether the offender's conduct is more or less serious and more or less likely to occur again. State v. Roseberry (Feb. 24, 2000), Mahoning App. No. 99-JE-13 (noting that the trial court must analyze R.C. 2929.12 factors in making ultimate sentencing determination); State v. Fails (Nov. 9, 2001), Portage App. No. 2000-P-0119. Therefore, the trial court must utilize the factors set forth in R.C. 2929.12 to determine whether a prison term would be consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 14} In the case at bar, the trial court found that: (1) the victims of appellant's conduct suffered serious physical, psychological or economic harm; (2) appellant was out on bail before trial when he committed some of his offenses; (3) appellant had a history of criminal convictions; (4) appellant did not respond favorably in the past to probation or parole; (5) appellant failed to acknowledge his pattern of drug abuse; (6) appellant showed no genuine remorse; (7) appellant violated community control; and (8) there was an organized criminal activity. Contrary to appellant's argument, the trial court's findings all correlate to factors found in R.C. 2929.12 that demonstrate the seriousness of appellant's conduct and the likelihood of appellant re-offending. Therefore, the trial court complied with R.C. 2929.13(E)(2) in revoking appellant's community control and imposing a prison term.
 {¶ 15} However, not only did the trial court impose a prison term, it imposed a prison term that was greater than the shortest prison term authorized by law. It also imposed consecutive prison terms. Pursuant to R.C. 2929.14(B), in order for a trial court to impose a prison term greater than the shortest authorized term on an offender who has not previously served a prison term, the court must "find() on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Id.; State v. Shelton, Franklin App. No. 01AP-860, 2002-Ohio-1261. While the trial court is not required to give its reasons for making its finding, it must make one of the required findings. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Here, the trial court erred by failing to make either of the findings necessary to impose a sentence greater than the minimum sentence authorized by law.
 {¶ 16} Additionally, in order to impose consecutive sentences, the trial court must make specific findings under R.C. 2929.14(E)(4) and state its reasons for making those findings. R.C. 2929.19(B)(2)(c); State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 8-12. R.C. 2929.14(E)(4) provides that the trial court may require an offender to serve consecutive prison sentences if it finds (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any one of following applies:
 {¶ 17} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 18} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 20} While a trial court is not required to recite talismanic language from the statute, the imposition of consecutive sentences must be supported by findings that refer to the statutory sentencing factors. State v. Mirmohamed (Dec. 3, 1998), Franklin App. No. 97APA11-1492. Thus, the record must contain some indication that the court considered the statutory factors before it imposed consecutive sentences. Here, the trial court also failed to make any of the R.C. 2929.14(E)(4) findings required to impose consecutive prison terms.
 {¶ 21} In conclusion, although the trial court did not err in revoking appellant's community control and imposing a prison term, the trial court did not comply with the sentencing requirements when it imposed a prison term greater than the shortest authorized term and when it imposed consecutive prison terms. Therefore, appellant's assignment of error is affirmed in part and reversed in part, and these matters are remanded to the trial court for resentencing in compliance with the applicable statutory provisions.
Judgments affirmed in part and reversed in part and cases remanded.
BOWMAN and LAZARUS, JJ., concur.